UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Leo McClam,      #3147,  | ) C/A No. 3:07-4007-TLW-JRM |
|  | ) |
|                          Plaintiff, | ) |
|  | ) Report and Recommendation |
| vs. | ) |
|  | ) |
| Dawn Wet-Stone; and Mr. NFN Reviera, | ) |
|  | ) |
|                          Defendants. | ) |
| _____ | ) |

The plaintiff, Leo McClam ("Plaintiff"), files this action *pro se*, and seeks to proceed *in forma pauperis* under 28 U.S.C. § 1915.[1]  All pretrial matters in cases with a *pro se* party or application to proceed *in forma pauperis* are authorized for review by an assigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(b) and (e) (D.S.C.), for submission of findings and recommendations to the District Court.

### *IN FORMA PAUPERIS* AND *PRO SE* REVIEW

The complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted"or is "frivolous or malicious."  § 1915(e)(2)(B)(i), (ii).  Hence,

_____

[1]  Plaintiff filed a Statement of Assets and Financial Certificate, forms used in cases filed by prisoners in this district, which are correctly filed as a request to proceed *in forma pauperis* in this case.  Clearly Plaintiff is requesting to proceed without prepayment of the filing fee.

under § 1915(e)(2)(B), a complaint that fails to state a claim may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989).

Plaintiff is a *pro se* litigant whose pleadings are accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980), however, even under this less stringent standard, a *pro se* complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Sciences*, 901 F. 2d 387 (4th Cir. 1990).

## BACKGROUND

Plaintiff has been involuntarily committed to the South Carolina Department of Mental Health as a Sexually Violent Predator under the South Carolina Sexually Viloent Predator Act ("SVPA"), S.C. Code Ann. § 44-48-10, *et seq*. Plaintiff has a history of cases filed in this Court.[2] The first case was filed in October 2000.[3] Plaintiff subsequently filed five actions in 2005 and 2006.[4] In February of 2006, Plaintiff joined in a multiple plaintiff case, *Maness v. Ozmint*, 3:06cv382-HMH (D.S.C. 2006), which resulted in a separate case, *McClam v. Ozmint*,

---

[2] This Court may take judicial notice of its own records in these prior cases. *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989); *Daye v. Bounds*, 509 F. 2d 66 (4th Cir. 1975); *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954).

[3] *McClam v. Cavanaugh*, 3:00cv3354-TLW (D.S.C. 2000)

[4] *McClam v. Young-Rice*, 3:05cv861-GRA (D.S.C. 2005); *McClam v. Chavez*, 3:05cv1795-TLW (D.S.C. 2005); *McClam v. Young-Rice*, 3:05cv2242-TLW (D.S.C. 2005); *McClam v. Armor*, 3:05cv3499-TLW (D.S.C. 2005); *McClam v. Chavez*, 3:06cv426-TLW (D.S.C. 2006)

3:06cv701-HMH  (D.S.C. 2006).  In 2007, Plaintiff filed twenty cases in this Court, including the current case.[5]

## DISCUSSION

In the current complaint, Plaintiff claims he was denied "access to my legal work and to a law library." Compl. at 2.  The statement of claim alleges Plaintiff twice requested his "property" be brought to him and both times Defendant Wetstone refused.  Plaintiff also alleges that he was twice denied access to a law library by Defendant Reviera. Compl. at 3.  Plaintiff's claims appear to be based on a constitutional right of access to the courts.  In *Bounds v. Smith*, 430 U.S. 817, 828 (1977), the Supreme Court states that  "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  Plaintiff is not a prisoner, but is a person involuntarily committed to a mental institution under civil, not criminal, law.  People, however, committed under the SVPA are specifically excluded from the definition of "patient" for purposes of state law delineating rights of mental health patients. S.C. Code Ann. § 44-22-10(11).  South

---

[5] *McClam v. Almey*, 3:07cv20-TLW (D.S.C. 2007); *McClam v. Wadman*, 3:07cv1430-TLW (D.S.C. 2007); *McClam v. Gant*, 3:07cv1431-TLW (D.S.C. 2007); *McClam v. Quaillin*, 3:07cv1529-TLW (D.S.C. 2007); *McClam v. Bailey*, 3:07cv1530-TLW (D.S.C. 2007); *McClam v. Craft*, 3:07cv1532-TLW (D.S.C. 2007); *McClam v. Wadman*, 3:07cv3050-TLW (D.S.C. 2007); *McClam v. McDonald*, 3:07cv3139-TLW (D.S.C. 2007); *McClam v. Saxon*, 3:07cv3175-TLW (D.S.C. 2007); *McClam v. Webber*, 3:07cv3176-TLW (D.S.C. 2007); *McClam v. Wetstone*, 3:07cv3341-TLW (D.S.C. 2007); *McClam v. McDonald*, 3:07cv3490-TLW (D.S.C. 2007); *McClam v. Wetstone*, 3:07cv3491-TLW  (D.S.C. 2007); *McClam v. Boney*, 3:07cv3492-TLW (D.S.C. 2007); *McClam v. Sims*, 3:07cv3633-TLW (D.S.C. 2007); *McClam v. LNL*, 3:07cv3749-TLW (D.S.C. 2007); *McClam v. Waldo*, 3:07cv3827-TLW (D.S.C. 2007); *McClam v. Wetstone*, 3:07cv4007-TLW (D.S.C. 2007); *McClam v. McDonald*, 3:07cv4119-TLW (D.S.C. 2007); *McClam v. McDonald*, 3:07cv4120-TLW (D.S.C. 2007).

3

Carolina law does acknowledge the "involuntary detention or commitment of a person pursuant to this chapter [SVPA] must conform to constitutional requirements for care and treatment." S.C. Code Ann. § 44-48-170. Conditions of confinement, whether the confinement is from application of criminal statutes or civil statutes, are actionable if the conditions violate a constitutional right. The Supreme Court has "grounded the right of access [to the courts] in the Article IV Privileges and Immunities Clause, the First Amendment Petition Clause, the Fifth Amendment Due Process Clause, and the Fourteenth Amendment Equal Protection and Due Process Clauses." *Christopher v. Harbury*, 536 US 403, 415 n. 12 (2002). Plaintiffs committed under the SVPA have a fundamental constitutional right of access to the courts. *Larch v. Gintoli*, No. 8:04cv1962(CMC), 2006 WL 895019 (D.S.C. Mar. 31, 2006).

Although Plaintiff has a right of access to the courts, the complaint fails to allege facts that establish a claim for violation of that right. The United States Supreme Court acknowledges that "Bounds did not create an abstract, freestanding right to a law library or legal assistance" but implicitly confirmed the "35-year line of access-to-courts cases on which Bounds relied" which require actual injury to state a claim from the denial of court access. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). To establish a claim for denial of court access Plaintiff must assert an "actual injury" caused by the denial of providing his legal work or denial of access to a law library on the occasions alleged. *Id.* Specific allegations must be made as to the actual, rather than potential, injury sustained by the plaintiff claiming infringement of his right of access to the courts. *Cochran v. Morris*, 73 F. 3d 1310, 1317 (4th Cir. 1996)(Plaintiff failed to identify any actual injury resulting from official conduct); *Strickler v. Waters*, 989 F.2d 1375,1382-85 (4th Cir.), *cert. denied*, 510 U.S. 949 (1993)("basic requirement that show specific harm or prejudice

4

from the allegedly denied access"). The complaint alleges specific incidents where Plaintiff was not allowed access to his legal work and not allowed access to a law library, but Plaintiff does not allege how that denial caused him actual harm or injury in denying him access to the courts. The complaint fails to state a claim for violation of Plaintiff's right of access to the courts and should be dismissed.

<u>RECOMMENDATION</u>

Accordingly, it is recommended that the civil rights complaint in this case be dismissed without prejudice and without issuance of service of process upon the defendants.

s/Joseph R. McCrorey
United States Magistrate Judge

February 15, 2008
Columbia, South Carolina

**Plaintiff's attention is directed to the important notice on the next page**.

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).